AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED 2007 APR -9 AM 9:40
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA
v.
STEVEN MICHAEL DANG (3)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 06CR511-LAB

GRETCHEN C. VONHELMS
Defendant's Attorney

REGISTRATION NO. 95266198

☐

THE DEFENDANT:
☒ pleaded guilty to count(s)   THREE OF THE INDICTMENT

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 841(a)(1) and 18 USC 2 | Manufacturing of Marijuana Plants and Aiding and Abetting | 3 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) __The remaining counts__ is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $100.00 w/in 180 days upon release from the (RRC).
☒ Fine $5000.00    ☒ Property forfeited pursuant to order filed __10/31/06__, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

MARCH 26, 2007
Date of Imposition of Sentence

*/s/ Larry A. Burns*

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

Entered Date:

06CR511-LAB

DEFENDANT: STEVEN MICHAEL DANG (3)
CASE NUMBER: 06CR511-LAB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
TIME SERVED

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: STEVEN MICHAEL DANG (3)
CASE NUMBER: 06CR511-LAB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

5 YEARS

## MANDATORY CONDITIONS

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than    4    drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court . The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: STEVEN MICHAEL DANG (3)
CASE NUMBER: 06CR511-LAB

## SPECIAL CONDITIONS OF SUPERVISION

[x] Not possess any firearm, explosive device or other dangerous weapon.

[x] Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

[x] Prohibited from gambling or entering a gambling establishment.

[x] Participate in a program of counseling for gambling, as directed by the court or probation officer.

[x] Seek permission from the court or the probation officer prior to traveling for work.

[ ] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[ ] Not enter the Republic of Mexico without written permission of the Court or probation officer.

[x] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[ ] Participate in a mental health treatment program as directed by the probation office.

[x] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[x] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within           days.

[ ] Complete        hours of community service in a program approved by the probation officer within

[x] The defendant shall report to the Residential Reentry Center (RRC) within two weeks.

[x] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of 18 MONTHS. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on dft's ability to pay.

[x] Obey all the rules of the (RRC). The defendant may leave the (RRC) while working at verifiable employment, attending religious services, undergoing medical treatment or attending gambling counseling.

[ ] Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

[ ] Comply with the conditions of the Home Confinement Program for a period of                    months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

[ ] Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

DEFENDANT: STEVEN MICHAEL DANG (3)
CASE NUMBER: 06CR511-LAB

# FINE

The defendant shall pay a fine in the amount of _____$5000.00_____ unto the United States of America.

This sum shall be paid  ___ immediately.
                        _x_ as follows:

Pay the fine in the amount of $5000.00 within 180 days upon release from the Residential Reentry Center as directed by the probation officer.

The Court has determined that the defendant __does not__ have the ability to pay interest. It is ordered that:

_x_ The interest requirement is waived.

___ The interest is modified as follows:

FILED

06 OCT 31 AM 9:05

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: PDU   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 06cr0511-LAB |
| Plaintiff, ) | |
| ) | AMENDED ORDER OF |
| v. ) | CRIMINAL FORFEITURE |
| STEVEN MICHAEL DANG (3), ) | |
| Defendant. ) | |

On June 5, 2006, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of STEVEN MICHAEL DANG (3) ("Defendant") in the property listed in the Forfeiture Allegation of the Indictment, namely,

> The residential property located at 637 Wala Drive, Oceanside, California, and all appurtenances affixed thereto. The real property is more particularly described as:
>
> **ASSESSORS PARCEL 146-360-48-00**
>
> **Parcel 1:**
>
> Lot 253 of Wanis View Estates, Unit No. 2, in the City of Oceanside, County of San Diego, State of California, according to map thereof No. 14540, filed in the Office of the County Recorder of San Diego County, February 11, 2003.
>
> **FURTHER RESERVING THEREFROM** such easements described in the Declaration described below and the Map of Record referenced above, and such other easements as may be of record as of the date hereof (hereinafter, "the property").

///

1     On June 20, 27 and July 5, 2006, the United States published, in a newspaper of general circulation, notice of the Court's Order and the United States' intent to dispose of the property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n), and further notifying all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the property.

    On June 13, 2006, Notice of Order of Forfeiture was sent by certified mail as follows:

| Name and Address | Article No. | Result |
|---|---|---|
| VirtualBank, a Division of Lydian Private Bank, FSB 3801 PGA Boulevard P.O. Box 109638 Palm Beach Gardens, FL 33410 | 7004 2510 0003 3016 6286 | Signed for as received on 6/16/06. |

    On August 31, 2006, Notice of Order of Forfeiture was sent by certified mail as follows:

| Name and Address | Article No. | Result |
|---|---|---|
| Credit Suisse First Boston Corporation c/o CSC - Lawyers Incorporating Service P.O. Box 526036 Sacramento CA 95852-6036 | 7004 2510 0003 3016 6286 | Signed for as received on or about 9/5/06. |

    Thirty (30) days have passed following the final date of notice by publication and notice by certified mail and facsimile, and no third party has filed a petition on the forfeited property described above.

    Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any third party to come forward or file a petition for relief from forfeiture as provided by law, all right, title and interest of STEVEN MICHAEL DANG (3) and any and all third parties in the following property are hereby condemned, forfeited and vested in the United States of America:

> The residential property located at 637 Wala Drive, Oceanside, California, and all appurtenances affixed thereto. The real property is more particularly described as:
>
> **ASSESSORS PARCEL 146-360-48-00**
>
> **Parcel 1:**
>
> **Lot 253 of Wanis View Estates, Unit No. 2, in the City of Oceanside, County of San Diego, State of California, according to map thereof No.**

14540, filed in the Office of the County Recorder of San Diego County, February 11, 2003.

**FURTHER RESERVING THEREFROM** such easements described in the Declaration described below and the Map of Record referenced above, and such other easements as may be of record as of the date hereof.

IT IS FURTHER ORDERED that costs incurred by the Internal Revenue Service and any other governmental agencies which were incident to the seizure, custody and storage of the property be the first charge against the forfeited property.

IT IS FURTHER ORDERED that the Internal Revenue Service has the authority to evict any and all occupants of the above-referenced real property if and when necessary.

IT IS FURTHER ORDERED that the Internal Revenue Service shall dispose of the forfeited property according to law and shall deposit the proceeds thereof into the Treasury Forfeiture Fund.

IT IS FURTHER ORDERED that the Clerk is directed to send copies of this Order to all counsel of record and the Internal Revenue Service.

DATED: 10/29/06

LARRY A. BURNS, Judge
United States District Court

Submitted by:

CAROL C. LAM
United States Attorney

SHERRI WALKER HOBSON
Attorney for Plaintiff
E-mail: sherri.hobson@usdoj.gov

Amended Order of Criminal Forfeiture
United States v. Steven Michael Dang (3)
Case No. 06cr0511-LAB

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA ) CASE NUMBER 06CR511-LAB
vs )
) ABSTRACT OF ORDER
Steven Michael Dang (3) ) Booking No. 95266198
)

TO THE UNITED STATES MARSHAL AND / OR WARDEN, METROPOLITAN CORRECTIONAL CENTER:

Be advised that under date of __3/26/07__
the Court entered the following order:

____✓____ Defendant be released from custody.

_____ Defendant placed on supervised / unsupervised probation / supervised release.

_____ Defendant continued on supervised / unsupervised probation / supervised release and released from custody.

_____ Defendant released on $_____ bond posted.

_____ Defendant appeared in Court. FINGERPRINT & RELEASE.

_____ Defendant remanded and (_____ bond) (_____ bond on appeal) exonerated.

____✓____ Defendant sentenced to TIME SERVED, supervised release for __5__ years.

_____ c.c. judgment Court of Appeals (_____ affirming) (_____ reversing) decision of this Court:
_____dismissing appeal filed.

_____ Bench Warrant Recalled.

_____ Defendant forfeited collateral.

_____ Case Dismissed.

_____ Defendant to be released to Pretrial Services for electronic monitoring.

____✓____ Other. Dft on bond, bond exonerated

LARRY A. BURNS
UNITED STATES ~~MAGISTRATE~~ JUDGE
DISTRICT
OR

Received _[signature]_
DUSM

W. ~~SAMUEL HAMRICK, JR.~~ Clerk
by
_[signature]_
Deputy Clerk

Crim-9 (Rev 6-95) ★ U.S. GPO: 1996-783-398/40151

CLERKS' COPY